UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYSON MYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00182-TWP-KMB |
| | ) |
| ROY WASHINGTON NP, | ) |
| DENISE EDEN Nurse, | ) |
| ADVANCED CORRECTIONAL | ) |
| HEALTHCARE, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Roy Washington NP, Denise Eden and Advance Correctional Healthcare (collectively "Defendants"). ((Dkt. 57). Plaintiff Tyson Myers ("Mr. Myers") filed this action contending that his constitutional rights were violated while he was incarcerated at the Scott County Jail ("the Jail"), when he was denied proper medical care. Defendants argue that Mr. Myers failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, is **granted** and the action is **dismissed without prejudice.**

I. **SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir.

2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.   FACTUAL BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Mr. Myers as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

At all times relevant to the claims in this suit, Mr. Myers was a pretrial detainee at the Jail.

### A. Scott County Jail Offender Grievance Process

The Scott County Jail has a standardized inmate grievance process which was in place during the time Mr. Myers alleges his rights were violated. (Dkt. 58-1; Dkt. 58-5 at 1-2).

Grievances may be submitted on the standard grievance form provided on the kiosk in the housing areas. (Dkt. 58-1 at 1). The inmate grievance process contains three steps:

1. Inmate grievances are brought to the attention of the captain for investigation, consideration, and response.

2. If an inmate is not satisfied with the captain's response, he may pursue an appeal to the Jail Commander for further review and response. The Jail Commander or a designee will respond within five business days, and both an electronic and a printed version will be sent to the inmate.

3. If an inmate is not satisfied with the response from the Jail Commander or designee, he may pursue an appeal to the Sheriff for further review and consideration.

(Dkt. 58-1; Dkt. 58-5 at 2).

After arriving at the Jail, an inmate receives information on the grievance process and how to submit a grievance using the standard grievance form on the kiosk in each housing area. (Dkt. 58-5 at 2). When an inmate submits a grievance, he can choose between a general and a medical grievance. *Id*. An inmate should choose the medical grievance option when grieving an issue with his medical care. *Id*.

**B. Plaintiff's Participation in the Grievance Process**

Mr. Myers' claim is premised on his allegations that he experienced severe pain in his shoulders since June 2023. (Dkt. 27 at 2). Mr. Myers complained to the defendants, and they refused to provide him with meaningful treatment. *Id*. He was denied diagnostic testing, such as an MRI or x-ray at the Jail, allegedly because of their cost. *Id*. at 3. Mr. Myers initiated this civil action on November 8, 2023. (Dkt. 1).

Mr. Myers was housed in the Jail from June 11, 2022, to March 11, 2025. (Dkt. 58-5 at 3).

On July 3, 2022, Mr. Myers submitted a medical grievance (id. 4764895) requesting that his medications and medical glasses be retrieved from his wife's house. (Dkt. 58-4 at 22). This grievance was responded to the same day and the response informed him that this request was not a medical grievance and that requests for medication or glasses needed to be submitted as a sick call request. *Id.* Mr. Myers did not seek an appeal of this grievance. *Id.*

On June 22, 2024, Mr. Myers submitted a general grievance (Mail id: 10780958) asking if the nurse or doctor ordered him to get more lab work done. (Dkt. 58-2 at 42). The grievance was responded to on June 27, and he was told he needed to speak with medical staff. *Id.* Mr. Myers did not seek an appeal of this grievance. *Id.*

On June 27, 2024, Mr. Myers submitted a medical grievance (Mail id: 10846359) requesting to know why he had lab work done. (Dkt. 58-2 at 41). The grievance was responded to the next day, and he was instructed to use a sick call request to obtain this information. *Id.* Mr. Myers did not seek an appeal of this grievance. *Id.*

Mr. Myers submitted three unrelated grievances in October 2024 (regarding his "chirps" text message account), one in November 2024 (regarding a commissary order), and two in January 2025 (requesting copies of his emails). All grievances were responded to, and Mr. Myers did not seek to appeal any of them. (Dkt. 52-2 at 7-8, 31-34); (Dkt. 58-5 at 3-4).

### III.   DISCUSSION

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Myers] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross,* 578 U.S. at 639 (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Defendants have met their burden of proving that Mr. Myers "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Myers was aware of the grievance process, as he filed numerous general and medical grievances during his time at the Jail. It is also undisputed that Mr. Myers did not file any grievance related to his claims regarding shoulder pain or that diagnostic testing was not done.

5

Further, Mr. Myers has not identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendants. In response to the Defendants' summary judgment motion, Mr. Myers filed a "motion for summary judgment." (Dkt. 64). The Court denied his motion and allowed Mr. Myers leave to provide a supplemental response to Defendants summary judgment motion by a certain deadline. (Dkt. 66). The Court also explained how to provide a sworn statement in opposition. *Id*. This deadline was extended on his request twice. (Dkts. 74, 78). Mr. Myers has filed many short letters with the Court since the filing of the summary judgement motion but has not filed a sworn declaration. *See* (Dkts. 63, 64, 70, 71, 72, 73, 76, 81, 83). Regardless, even a liberal construction of these filings does not create a dispute of fact that precludes summary judgment. In these filings, Mr. Myers argues that his mother called the Jail to discuss his complaints ((Dkts. 63, 64, 71, 76), that he sent in sick call requests ((Dkts. 64, 71) and he reiterates his complaints against the Jail staff (Dkts. 70, 71, 73, 76, 81, 83). However, Mr. Myers' sick call requests and his mother calling the Jail are not grievances and do not satisfy the strict compliance of the exhaustion requirement.

In short, Mr. Myers did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford v. Johnson,* 362 F.3d 395, 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV.    CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment, Dkt. [57], is **GRANTED**. Mr. Myers' pending motion for Court assistance, Dkt. [83], is **DENIED**. Mr. Myers'

6

Motions for Copies, Dkts. [84] and [85], are **GRANTED**. The **clerk is directed** to enclose a copy of the public docket sheet with Mr. Myers' copy of this Order.

Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 2/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

TYSON MYERS
942922
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel